UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MAURICE MCINTYRE,
    Plaintiff,

vs.                                Case No.: 3:22cv5526/MCR/ZCB

WILLIAM POWELL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate of the Escambia County Jail proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On May 13, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis, assessed an initial partial filing fee (IPFF) in the amount of $67.00 under 28 U.S.C. § 1915(b)(1), and directed Plaintiff to pay the IPFF within thirty days. (Doc. 6).

Plaintiff did not pay the IPFF within the time allowed. Therefore, on June 29, 2022, the Court ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed for his failure to comply with an order of the Court. (Doc. 8). The time for compliance with the show cause order has expired, and Plaintiff has neither responded to the order nor paid the IPFF.

1

The Court sent the show cause order to Plaintiff at his record address, the Escambia County Jail.[1] On July 11, 2022, the Jail returned the order to the Court labeled as "Return to Sender, Attempted – Not known, Unable to Forward" and "released 6-2-22." (Doc. 9). The Clerk of Court resent the order to show cause to the address given on the Escambia County Jail's website. (*Id.*). On July 28, 2022, the order to show cause was returned again and the Clerk of Court was unable to find a new address for Plaintiff. (Doc. 10).

At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to advise the Clerk of Court of any change in his mailing address. (Doc. 3). Plaintiff's failure to update his address does not excuse his failure to comply with Court orders. *See, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing

---

[1] The order requiring Plaintiff to pay the initial partial filing fee was not returned undeliverable and was presumably received by Plaintiff.

case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the IPFF. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order). Because the Court is unable to reach Plaintiff, the issuance of any further orders would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 15th day of August 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**